UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUENAVENTURA ESPIN,

                              Petitioner,                      DECISION AND ORDER

                                                                              02-CR-6001L
                                                                              05-CV-6248L

                              v.

UNITED STATES OF AMERICA,

                              Respondent.
_____

      Petitioner, Buenaventura Espin ("Espin"), was sentenced on January 24, 2003, to a 120 months imprisonment pursuant to a written plea agreement. Espin filed a petition, *pro se,* on May 13, 2005, requesting that the Court reconsider his sentence in light of *United States v. Booker,* 125 S.Ct. 738 (2005). The Government moved to dismiss the petition.

      Essentially for the reasons set forth in the Government's motion, the petition, which I treat as a petition pursuant to 28 U.S.C. § 2255, must be dismissed. First of all, petitioner relies principally on the *Booker* Supreme Court case. However, the Second Circuit has recently ruled that *Booker* does not apply retroactively to those convictions that have become final. *See Guzman v. United States,* 404 F.3d 139, 144 (2d Cir. 2005); *Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005).

Second, in the plea agreement, Espin waived his right to appeal or collaterally attack the sentence. This petition constitutes a collateral attack and is barred by the plea agreement. Such a bar to appeal or collateral attack has been recognized and enforced by the courts. *See Frederick v. Lewisburg Corr. Facility,* 308 F.3d 192, 195 (2d Cir. 2002), *cert. denied,* 537 U.S. 1146 (2003).

CONCLUSION

Petitioner's request for a consideration in light of *United States v. Booker*, 125 S.Ct. 738 (2005) (Dkt. #104), is denied and the petition is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 5, 2005.